**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 20, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHURCH MUTUAL INSURANCE
COMPANY,

     Plaintiff Counter
     Defendant - Appellee,

v.

THE SALT LAKE CITY LAUMALIE
MA'ONI'ONI FREE WESLEYAN
CHURCH OF TONGA, a Utah non-profit
corporation; VILIAMI HOSEA, an
individual; HAVILI MONE, an individual;
MANASE VAILEA, an individual; AISEA
NAI, an individual; SIOSAIA
HAUKINIMA, an individual; LYNDON
LAUHINGOA, an individual; MELANIE
NGAUE, an individual,

     Defendants - Appellants,

ETIMANI MA'AFU, an individual;
ROCKY MOUNTAIN CONFERENCE OF
THE UNITED METHODIST CHURCH, a
Colorado non-profit corporation,

     Defendant Counterclaimants,

and

BOARD OF TRUSTEES OF THE
TONGAN UNITED METHODIST
CHURCH,

     Intervenor Defendant.
_____

No. 17-4054
(D.C. No. 2:13-CV-00672-DS)
(D. Utah)

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.
_____

The Salt Lake City Laumalie Ma'oni'oni Free Wesleyan Church of Tonga, Viliami Hosea, Havili Mone, Manase Vailea, Aisea Nai, Siosaia Haukinima, Lyndon Lauhingoa, and Melanie Ngaue, (the FWC Parties), appeal the dismissal of the complaint filed by Church Mutual Insurance Company. Church Mutual filed the underlying declaratory judgment action to determine its insurance obligations relative to a dispute between the FWC Parties and the remaining defendants–Etimani Ma'Afu, Rocky Mountain Conference of the United Methodist Church (Conference), and Board of Trustees of the Tongan United Methodist Church (the Conference Parties). We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

## I.    Background

The FWC Parties and the Conference Parties filed lawsuits in state court alleging various claims, including conversion, breach of fiduciary duty, and the right to control the Tongan United Methodist Church. Mr. Ma'Afu and the Conference tendered the state-court claims to Church Mutual for indemnity and defense coverage.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Church Mutual then filed this action seeking a judicial declaration as to its coverage obligations, naming as defendants all parties to the underlying state-court litigation. Church Mutual and the Conference Parties filed cross-motions for summary judgment; the FWC Parties did not respond to either motion. The district court denied Church Mutual's motion and granted the Conference Parties' motion. Church Mutual appealed to this court, which affirmed in part and reversed in part. *See Church Mut. Ins. Co. v. Ma'Afu*, 657 F. App'x 747 (10th Cir. 2016). Church Mutual and the Conference Parties then reached a full settlement and filed a stipulation for dismissal with prejudice of the claims between them. The district court approved the stipulation for dismissal on February 16, 2017.

Church Mutual filed a motion under Fed. R. Civ. P. 41(a)(2) to dismiss the claims against the FWC Parties, which were the only claims remaining. Although the district court initially ruled on Church Mutual's motion to dismiss before the FWC Parties responded, the court thereafter considered the FWC Parties' opposition to dismissal and entered a subsequent order dismissing the action with prejudice.

## II.    Discussion

"Once a defendant files an answer, as was the case here, a plaintiff may voluntarily dismiss an action only upon order of the court." *Ohlander v. Larson*, 114 F.3d 1531, 1536-37 (10th Cir. 1997) (citing Fed. R. Civ. P. 41(a)(2)). The purpose of Rule 41(a)(2) is "primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (internal quotation marks omitted).

3

"We review a district court's grant of a Rule 41(a)(2) motion for abuse of discretion." *Cty. of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1047 (10th Cir. 2002). "This circuit has defined an abuse of discretion as an arbitrary, capricious, or whimsical judicial determination." *Clark*, 13 F.3d at 1411.

Generally, a court should grant dismissal "[a]bsent 'legal prejudice' to the defendant." *Ohlander*, 114 F.3d at 1537. Factors relevant to evaluating "legal prejudice" are "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.*

The FWC Parties contend that dismissal was improper because the dismissal did not vindicate their rights or resolve the controversy that still exists. They maintain that duplicative litigation will be necessary to resolve the disputes and clarify Church Mutual's obligations to them. They argue that dismissal will cause them "legal prejudice" because they "participated in the litigation . . . in anticipation of a specific declaration by the district court with regards to Church Mutual's obligations to [them]." Aplt. Br. at 4. The FWC Parties have not, however, identified any extant disputes or controversies, nor have they explained how Church Mutual may remain obligated to them. We will not consider these arguments because they are "vague . . . and unsupported by legal argument or record evidence." *DePaula v. Easter Seals El Mirador*, 859 F.3d 957, 967 (10th Cir. 2017) (internal quotation marks omitted). Even so, the doctrine of res judicata, also known as claim preclusion, would preclude the parties from engaging in duplicative litigation.

4

*See Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) ("The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." (internal quotation marks omitted)). In addition, any threat of duplicative litigation is obviated by the dismissal with prejudice. *See Cty. of Santa Fe*, 311 F.3d at 1049 (noting that a dismissal with prejudice "precludes any future suit by the plaintiff").

The FWC Parties appear to rely on the factor pertaining to their effort and expense in preparing for trial to argue against dismissal. But they were not required to prepare for trial. Their filings were limited to an answer, responses to intervention and discovery, and a motion for partial summary judgment (which was denied on May 13, 2014). They do not argue that the remaining criteria favor their position, and we do not see that they do. Therefore, we find no abuse of discretion in the district court's dismissal with prejudice.

The FWC Parties' fundamental argument in challenging dismissal is that Church Mutual should be required to pay their attorney fees and costs incurred in the case. *See* Aplt. Br. at v (framing issue on appeal as whether the district court abused its discretion by dismissing without awarding the FWC Parties their attorney fees and costs). Under the American rule, parties to a lawsuit ordinarily pay their own attorney fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247 (1975). Although there are exceptions to this principle, such as statutory fee-shifting provisions, *see Pound v. Airosol Co.*, 498 F.3d 1089, 1101 (10th Cir. 2007), the FWC

5

Parties have identified no such exceptions.  Thus, the district court did not abuse its discretion in granting dismissal without awarding the FWC Parties their attorney fees and costs.  *See id.* at 1100-01 (stating district court's decision on an award of attorney fees is reviewed for abuse of discretion).

## III.    Conclusion

The FWC Parties' request for an award of attorney fees and costs on appeal is denied.  The judgment is affirmed.

Entered for the Court


Monroe G. McKay
Circuit Judge